IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| QUIMBY EQUIPMENT CO., INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. |
| v. | : | |
| | : | |
| CALLAGHAN PUMP & CONTROLS, INC., | : | |
| Defendant. | : | |

Plaintiff, **QUIMBY EQUIPMENT CO. INC.** ("QUIMBY" and/or "Plaintiff"), by its attorneys, **ANTHONY P. GALLO, P.C.**, as and for its Complaint against the above named defendant hereby alleges as follows:

1. Plaintiff Quimby Equipment Co. Inc. ("Plaintiff or "Quimby") is a corporation organized and existing pursuant to the laws of the State of New York with its principal place of business at 159 Express Street, Plainview, New York.

2. On information and belief, Defendant Callaghan Pump & Controls, Inc. ("Callaghan" or "Defendant") is a corporation organized and existing pursuant to the laws of the State of New Jersey with its principal place of business at 106 Hobart Street, Hackensack, New Jersey.

3. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. Section 1051 et seq., and under the common law and statutory law of the State of New

1

York. This Court has subject matter jurisdiction over the false advertising, and unfair competition claims, pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related New York State law claims pursuant to 28 U.S.C. §§ 1338, 1367.

4. The amount in controversy between the parties exceeds $75,000.00.

5. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because Defendant has extensive contacts with, and conducts business within, the State of New York and this judicial district; Defendant has caused water booster pumps and other products to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contact with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant has extensive contacts with, and conducts business within, the State of New York and this judicial district; Defendant has caused water booster pumps and other products to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

## FACTUAL BACKGROUND

7. Plaintiff and Defendant are industry competitors in the sale and distribution of water booster pumps and related products.

8. Plaintiff is a leading distributor of water booster pumps and related products. SICO water booster pumps and related products are used by individuals, corporations, non-

profits, government agencies, and schools throughout Nassau and Suffolk Counties, the five boroughs of New York City, in the State of New York, as well as in the State of New Jersey.

9. Plaintiff is a major distributor of a certain water booster pump system known by its brand name "SICO". Plaintiff is the exclusive agent for distribution of SICO domestic water booster systems in Nassau and Suffolk County, as well as New York City, in the New York State and the State of New Jersey and sells, installs and services the SICO water booster pump system (hereinafter referred to as "SICO") throughout those areas.

10. Upon information and belief Defendant distributes, installs and services the Yaskawa iQpump1000 water booster pump systems (hereinafter referred to as "Defendant's Product", which directly competes with SICO.

11. Defendant, among other things, has and continues to misrepresent and falsely advertise to customers, potential customers, and the general public, the features, capabilities, reliability, cost and expense associated with, and the need for service and maintenance of Defendant's Product as it relates to SICO. Defendant also misrepresents the purpose and consequences of the 14,000 hour service alarm on SICO. By reason of its actions, Defendant has unfairly competed with Plaintiff for customers and potential customers.

12. Plaintiff has demanded that Defendant cease and desist from making false and misleading representations with regard to SICO, and unfairly comparing the SICO to Defendant's Product. Defendant has failed and refused to cease and desist from its unlawful and inappropriate acts, or to respond in any way to Plaintiff's demand.

13. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of its reputation, the quality of SICO and related products, and Plaintiff's installation and service thereof. The public has, to a great extent, as a result of

Plaintiff's efforts, come to recognize and rely upon the SICO name and Palintiff's name as an indication of the high quality associated with water booster pumps and related products.

### FIRST CAUSE OF ACTION

14. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs "1" through and including "13" of this Complaint as fully as though set forth herein.

15. Defendant's actions described above and specifically, without limitation, Defendant's use of misleading representations regarding SICO in commerce to advertise, market, and sell its competing product; its use of misleading "comparison reviews"; and Defendant's knowledge, participation, and inducement thereof, constitute unfair competition and false advertising in violation of 15 U.S.C. §1125(a).

16. Consumers and potential customers are likely to be misled and deceived by Defendant's misrepresentations regarding SICO.

17. Defendant knew or should have known that its statements were false or likely to mislead.

18. As an actual and proximate result of Defendant's above described actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is enjoined, Defendant will continue to irreparably harm and damage Plaintiff's business, reputation and goodwill. Plaintiff is entitled to an injunction against Defendant continuing its wrongful actions.

19. Pursuant to 15 U.S.C. §1117, by reason of Defendant's violations, Plaintiff is entitled to damages, an accounting for profits made by Defendant on sales or use of Defendant's Product, recovery of the profits made by Defendant on sales or use of Defendant's Product, as

well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs "1" through and including "19" of this Complaint as though fully set forth herein.

21. Defendant intentionally and in bad faith attempted to, and has, misled the public into falsely believing that SICO is defective and inferior to Defendant's Product.

22. Defendant's actions have caused economic injury to Plaintiff through unfair and/or dishonest business practices.

23. As an actual and proximate result of Defendant's actions, Plaintiff has been damaged in an amount to be determined at trial and, unless Defendant is enjoined from continuing said practices, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation and good will.

24. By reason of the above, pursuant to New York State Common Law, Plaintiff is entitled to damages for Defendants's actions, an accounting of, as well as recovery of, profit made by Defendant by reason of the sale or use of Defendant's Product, and recovery of the costs of this action, including Plaintiff's reasonable attorney fees, together with an injunction against Defendant continuing its wrongful actions.

## AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs "1" through and including "24" of this Complaint as though fully set forth herein.

26. Pursuant to New York State General Business Law § 349(h), a party who has been injured by reason of deceptive acts or practices in the conduct of any business, trade, or commerce, or in furnishing any service or product in New York State may bring an action to recover actual damages and injunctive relief. The Court may also award reasonable attorney fees to the prevailing Plaintiff.

27. By reason of the above, pursuant to New York State statutory law, Plaintiff is entitled to its actual damages, an accounting of, as well as recovery of, profits made by Defendant by reason of the sale or use of Defendant's Product, injunctive relief with regard to Defendant's unlawful and inappropriate acts, and for recovery of its reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

A. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 et seq. New York Common Law and New York State General Business Law § 349(h); specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with it be enjoined from:

1. Directly or indirectly engaging in false advertising or promotions affecting SICO or Defendant's Product, or participate in any other conduct, practice or deceptive acts, in the conduct of its business, trade or commerce as the same affects Plaintiff;

2. Making or inducing others to engage in false advertising or to make any false, misleading or deceptive statements of fact, or representation of fact, in connection

with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of SICO or Defendant's Products;

B. That Defendant file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C. That Defendant be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Defendant's Product or SICO, including without limitation:

1. The sending of a registered letter (with a copy to Plaintiff) to all internet search engines, including but not limited to, Google and Yahoo!, requesting that Defendant's keyword advertising and sponsored advertisements be removed from their search engines;

2. The placement of corrective advertising on Defendant's websites informing consumers of their prior misrepresentations regarding Plaintiff's Products;

3. The removal of all false and misleading "comparison reviews" of SICO from affiliate Defendant's websites;

D. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a), by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent the nature, quality and characteristics of SICO;

E. That Defendant be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of New York;

F. That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of New York.

G. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), and New York State Law sufficient to compensate it for the damage caused by Defendants' false and misleading statements and unfair competition, including reasonable attorney fees;

H. That an accounting of Defendant's profits resulting from the sale or use of Defendant's Product be ordered;

I. That Plaintiff be awarded Defendant's profits derived from the sale or use of Defendant's Product;

J. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, reasonable attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

K. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition and false advertising under 15 USC Section 1051 et., including recovery of profits made by Defendant on the sale of Defendant's Products and costs of this action.

L. That Plaintiff be awarded damages in an amount sufficient to compensate for the damages caused by Defendant under New York State Statutory and Common Law including the recovery of profits made by Defendant by reason of the sale or use of Defendant's Product, and recovery of the costs of this action, including Plaintiff's reasonable attorneys fees, together with an injunction against Defendant continuing it wrongful acts.

M. That Plaintiff be awarded damages, including recovery of profile made by Defendant by reason of the sale or use of Defendant's Product, reasonable attorney fees, and

8

injunctive relief with regard to Defendant's unlawful and inappropriate acts under New York State General Business Law § 349(h).

    N.    That Plaintiff be granted prejudgment and post judgment interest;

    O.    That Plaintiff be granted costs associated with the prosecution of this action;

    P.    That Plaintiff be granted its attorney fees and the costs of this action; and

    Q.    That Plaintiff be granted such further relief as the Court may deem just.

Dated: May 16, 2019

ANTHONY P. GALLO, P.C.

_____
Anthony P. Gallo, Esq.
Attorney for Plaintiff
6080 Jericho Turnpike, Suite 216
Commack, New York 11725
631-499-2555
Email: apgallo@gallolegis.com

9